## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WARREN HARRIS and ROSE HARRIS,

      Plaintiffs,

vs.                                            CIVIL NO. 99-748 RLP/DJS

VINCE CRESPIN, RON MADRID,
BENJAMIN MONTANO, Sheriff,
Santa Fe County Sheriff's Department,
personally and hi official capacity,
BOARD OF COUNTY COMMISSIONERS,
of County of Santa Fe, and SANTA FE
COUNTY SHERIFF'S DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the court on Plaintiffs' Motion for Attorney's Fees and Costs **(Docket No. 67)**, the court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that the motion is well taken in part and will be granted in part.

### DISCUSSION

Plaintiffs secured judgments in their favor totaling $82,480.90. Therefore, Plaintiffs are considered prevailing parties. An award of attorney's fees and costs is appropriate under the Civil Rights Attorney Fees Awards Act.[1]

---

[1]"In any action or proceeding to enforce a provision of §§ 1981, 1981a, 1982, 1983. . .of this title. . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).

Once a claimant is found to be a prevailing party, the trial court must determine whether a fee request is "reasonable."  See *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Phelps v. Hamilton,* 120 F.3d 1126, 1129 (10th Cir. 1997).  Since there is no question in this case that Plaintiffs are prevailing parties, the only question before the court is whether Plaintiffs have established that their fee request is "reasonable."

In performing a reasonableness inquiry, the trial court begins by calculating the "lodestar amount" of a fee.  See *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 463-65 (1986); *Cooper v. Utah,* 894 F.2d 1169, 1171 (10th Cir. 1990).  The "lodestar amount" is a mathematical calculation consisting of the product of the number of attorney hours reasonably expended and a reasonable hourly rate.  See *Hensley,* 461 U.S. at 433; *Phelps,* 120 F.3d at 1131.

The present reasonableness inquiry focuses primarily on Plaintiffs' attorney's hourly rate.  The court has reviewed the claimed 356.15 hours expended on this case and finds the hours are not excessive in total; quite the contrary, the court finds the hours expended to be in the low, reasonable range.[2]

The focus of the dispute is squarely  on whether Plaintiffs' attorney's hourly rate request of $275.00 an hour is reasonable.  In assessing whether an hourly rate request is reasonable, the court should evaluate competing affidavits, or other market evidence

---

[2]The court evaluated the pre-complaint investigation required, the number of witnesses, the legal theories argued, the pre-trial discovery required, the trial preparation and the trial and post-trial effort that was necessary.  See generally,*Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir. 1983)

and apply its own general experience and familiarity with the case.[3]

> In this case, [the parties] submitted satisfactory, albeit contradictory, affidavits regarding rates for civil rights attorneys of similar skill and experience in the locality. The district court should have considered these affidavits and granted rates in accordance with any of them or arrived at a compromise among them, or, in the alternative, set the rates according to other competent market evidence. Using either method, the court must keep in mind the controlling principle. . ., that its job ultimately is "to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order. . ." [*Steinlauf v. Continental Ill. Corp.,* 962 F.2d 566, 568 (7th Cir. 1992).]

*Case v. Unified School District No. 233,* 157 F.3d 1243, 1257 (10th Cir. 1998).

As expected, Plaintiffs and Defendant submitted competing/contradictory affidavits to support their arguments. Plaintiffs' affidavits support their hourly rate argument of $275.00 per hour and Defendant's affidavit supports his hourly rate argument of $150.00 to $175.00. The court is familiar with the market rates in New Mexico for lawyers with Mr. Vigil's experience. The court is very familiar with Mr. Vigil's abilities as a trial lawyer. The court handled a hotly contested case against Mr. Vigil prior to being appointed to the bench and is, therefore, more familiar with Mr. Vigil's experience than is usual. Mr. Vigil is exceptionally well prepared, thorough and concise in his handling of matters for his clients, and those efforts resulted in a favorable judgment for his clients in this case. The court has considered all of these factors and concludes that Mr. Vigil would be able to sell his services in the market at the high range of civil rights attorneys who litigate in this

---

[3]A trial court may rely on its general experience as well as its close familiarity with  a case to evaluate the parties' arguments on a fee issue. *Bee v. Greaves,* 910 F.2d 686, 689 (10th Cir. 1990).

court.  Therefore, the court will order Defendant to compensate Mr. Vigil at the rate of $225.00 per hour.

## CONCLUSION

Generally, attorney fee inquiries and awards are not pleasant tasks for a judge. These determinations remind the court that our profession is also a business.  Although time could be better spent on almost any professional endeavor, analyzing a lawyer's hours and fees is necessary to pay a lawyer for a job well done, consistent with the prevailing market rate of reimbursement.   Therefore, Plaintiffs' counsel will be compensated for his attorney's fees for 356 hours expended at the rate of $225.00 per hour for a total attorney fee award of $80,100.00.   Further, Plaintiffs shall recover $4,655.81 representing gross receipts tax on the attorney fee award.  Finally, Plaintiffs shall recover their uncontested costs claimed in the amount of $6,608.37.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Attorney's Fees and Costs shall be granted in part.

**IT IS FURTHER ORDERED** that judgment shall be entered for attorney's fees and costs incurred by Plaintiffs and against Defendant in the total amount of $91,364.18.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Michael E. Vigil, Esquire - Attorney for Plaintiffs
Randy S. Bartell, Esquire - Attorney for Defendant Vince Crespin

-4-